In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-04-511 CR


____________________



CLIFFORD CRUZ, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 61228






MEMORANDUM OPINION


 Appellant Clifford Cruz was indicted for murder in 1992. See Tex. Pen. Code
Ann. § 19.02 (Vernon 2003). The jury found him guilty and sentenced him to
confinement for life in the Texas Department of Criminal Justice. After his conviction,
Cruz filed a request for DNA testing pursuant to article 64.01 of the Texas Code of
Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 64.01 (Vernon Supp. 2005)). 
In his motion, Cruz requested that "foreign" DNA evidence at the crime scene, fingernail
scrapings from the victim, and "[f]oreign D.N.A. material on the coat abandoned by the
assailant" be forensically tested. 

 The State filed a letter stating that no evidence associated with the case was in the
possession of the district attorney's office, the Port Arthur Police Department, or the
Jefferson County Regional Crime Lab. The letter further stated all forensic evidence
associated with the case was destroyed in 1998, and the only items that might still be in
existence would be in the possession of the clerk of the court. Attached to the letter were
letters from the Port Arthur Police Department and the Jefferson County Regional Crime
Lab verifying that those agencies had no evidence in their possession pertaining to the
case. At the hearing on Cruz's motion, Cruz's counsel stated he had a conference with the
court reporter, who had "diligently searched the exhibit room for any exhibits and . . .
could find none." The trial court denied Cruz's motion. 

 Counsel for Cruz has filed an Anders brief. He has also filed a motion to withdraw. 
Counsel's brief meets the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct.
1396, 18 L.Ed.2d 493 (1967), by presenting a professional evaluation of the record
demonstrating why there are no arguable grounds to be advanced. See also High v. State,
573 S.W.2d 807 (Tex. Crim. App. 1978). Appellant was provided with a copy of the
brief, the motion to withdraw, the clerk's record, and a motion for extension of time to file
pro se brief. Counsel informed appellant of his right to file his own brief if he so desired. 
Appellant then filed a pro se brief in which he contends he received ineffective assistance
of counsel and the trial court erred in denying his motion for post-conviction DNA testing.

 In his first issue, Cruz contends counsel was ineffective because he made no effort
to act as an advocate, filed no motions, acted as a "friend of the Court/State," and failed
to assist Cruz's appellate counsel. To prevail on a claim of ineffective assistance of
counsel, Cruz must show: (1) counsel's performance fell below an objective standard of
reasonableness, and (2) a reasonable probability that, but for counsel's unprofessional
errors, the result would have been different. Strickland v. Washington, 466 U.S. 668,
687-88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Thompson v. State, 9 S.W.3d 808,
812 (Tex. Crim. App. 1999). "Appellate review of defense counsel's representation is
highly deferential and presumes that counsel's actions fell within the wide range of
reasonable and professional assistance." See Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002) (footnote omitted). Cruz must prove there was no plausible professional
reason for specific acts or omissions of his counsel. Id. at 836. Furthermore, "[a]ny
allegation of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness." Thompson, 9 S.W.3d at 813 (citing
McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). The entire hearing
on Cruz's motion consists of four sentences: three spoken by defense counsel, one spoken
by the judge, and none spoken by the state's attorney. In a hearing where the appellant
is not present (as here), it might be the more prudent course of action to have a more fully
developed record for the reviewing court.

 Cruz has failed to meet his burden under Strickland. The record reveals there is no
evidence that may be subjected to DNA testing. Therefore, there is no showing that, but
for counsel's conduct, the result would have been different. Appellant's first issue is
overruled.

 In his second issue, Cruz argues the trial court did not have proper evidence upon
which to decide to deny DNA testing because the requested exhibits could not be found. 
The record contains evidence that there are no exhibits to test. Cruz's argument that
further explanations concerning the exhibits' absence are required is not supported by the
record. Cruz's second issue is overruled. 

 In his third issue, Cruz contends he is entitled to a new trial because the requested
exhibits were destroyed before the time mandated by law. Article 38.43 of the Texas Code
of Criminal Procedure provides, in pertinent part:

 (b) This article applies to evidence that:

 

 (1) was in the possession of the state during the
prosecution of the case; and

 (2) at the time of conviction was known to contain
biological material that if subjected to scientific
testing would more likely than not:

 (A) establish the identity of the person
committing the offense; or

 (B) exclude a person from the group
of persons who could have
committed the offense.


 (c) Except as provided by Subsection (d), material required to be
preserved under this article must be preserved:


 . . . .

 

 (2) until the defendant dies, completes the
defendant's sentence, or is released on parole or
mandatory supervision, if the defendant is
sentenced to a term of confinement or
imprisonment.


 (d) The attorney representing the state, clerk, or other officer in
possession of evidence described by Subsection (b) may
destroy the evidence, but only if the attorney, clerk, or officer
by mail notifies the defendant, the last attorney of record for
the defendant, and the convicting court of the decision to
destroy the evidence and a written objection is not received by
the attorney, clerk, or officer from the defendant, attorney of
record, or court before the 91st day after the later of the
following dates:


 (1) the date on which the attorney representing the
state, clerk, or other officer receives proof that
the defendant received notice of the planned
destruction of evidence; or

 (2) the date on which notice of the planned
destruction of evidence is mailed to the last
attorney of record for the defendant:


 (e) To the extent of any conflict, this article controls over Article
2.21.


Tex. Code Crim. Proc. Ann. art. 38.43 (Vernon Supp. 2005). (1) On this record, Cruz has
not demonstrated that the requested exhibits still exist, nor has he demonstrated that the
requested exhibits were prematurely or improperly destroyed. See Tex. Code Crim.
Proc. Ann. arts. 38.43, 64.03 (a)(1)(A)(i) (Vernon Supp. 2005). Cruz's third issue is
overruled.

 The judgment of the trial court is affirmed. 

 AFFIRMED. 



 

 STEVE McKEITHEN

 Chief Justice

 


Submitted on November 30, 2005

Opinion Delivered January 4, 2006

Do Not Publish 


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. We note that article 38.43, which requires preservation of biological evidence
under certain circumstances, was not enacted until 2001, three years after the exhibits in
this case were destroyed. See Tex. Code Crim. Proc. Ann. art. 38.43 (Vernon Supp.
2005).